# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LONDER B. DAVIS,
               Appellant,

v.

UNITED STATES POSTAL SERVICE,
               Agency.

DOCKET NUMBER
DA-0752-10-0023-C-1

DATE: February 3, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Londer B. Davis, Dallas, Texas, pro se.

Susan L. LaSalle, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his petition for enforcement as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On August 12, 2014, the appellant filed a petition for enforcement in which he alleged that the agency violated a settlement agreement that the parties entered into on December 18, 2009, by failing to pay him back pay. Compliance File (CF), Tab 1. The administrative judge informed the appellant of his burden of proof on the timeliness issue and ordered him to file evidence and argument showing that his petition for enforcement was timely filed or that good cause existed for the delay. CF, Tab 2. The appellant failed to respond to the administrative judge's order or to the agency's motion to dismiss his petition for enforcement as untimely. *See* CF, Tab 3.

¶3        The administrative judge issued an initial decision on October 17, 2014, dismissing the appellant's petition for enforcement as untimely filed. CF, Tab 4, Compliance Initial Decision (CID) at 1. The administrative judge found that the appellant's 4-year filing delay was significant and that he failed to show good cause for his untimely filing. CID at 3. The appellant filed a timely petition for review of the initial decision, and the agency responded by arguing that it fully complied with the parties' settlement agreement and the appellant's petition for enforcement was untimely. Petition for Review (PFR) File, Tabs 1, 3.

¶4        A petition for enforcement alleging a breach of a settlement agreement must be filed within a reasonable time after the petitioner becomes aware of the breach. *Kasarsky v. Merit Systems Protection Board*, 296 F.3d 1331, 1335 (Fed. Cir. 2002) (citing *Adamcik v. U.S. Postal Service*, 48 M.S.P.R. 493, 496 (1991)). The time is measured from the point at which the petitioner has "actual knowledge of a specific act that constitutes a breach, not merely an unsubstantiated suspicion." *Poett v. Merit Systems Protection Board*, 360 F.3d 1377, 1381 (Fed. Cir. 2004).

¶5        On review, the appellant does not state when he became aware of the alleged breach or argue that he filed his petition within a reasonable time thereafter. Moreover, the appellant does not dispute that he filed his petition for enforcement more than 4 years after the parties' 2009 settlement agreement. *See* CID at 3. Instead, the appellant asks the Board to accept the documents he submits, for the first time on review, as proof that he "was active in [his] petitions [and] had no reasons to go over Time Limits." PFR File, Tab 1 at 6. The attached documents, which range in date from 2010 to 2013, include the appellant's notes and correspondence and various orders issued by the Board, the U.S. Court of Appeals for the Federal Circuit, and the U.S. Supreme Court. PFR File, Tab 1 at 10-63.

¶6        Because the appellant has not shown that any of those documents, or the information contained in those documents, was unavailable before the record closed on appeal, despite his due diligence, the Board will not consider this evidence. *See* 5 C.F.R. § 1201.115. In addition, the appellant's failure to respond to the administrative judge's timeliness order remains unexplained, and the appellant shows no error in the administrative judge's decision to dismiss his petition for enforcement as untimely filed. We therefore deny his petition for review.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.